

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,250-01

### EX PARTE JOHN CORBAN OGLETREE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20,343-A IN THE 258TH DISTRICT COURT
### FROM POLK COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of aggravated sexual assault and was sentenced to fifty years' imprisonment on each count.[1] He did not appeal his convictions.

Applicant contends that trial counsel rendered ineffective assistance because he failed to file

---

[1] According to the judgment in the record, Applicant pleaded guilty pursuant to a plea bargain for fifty years' imprisonment, but according to Applicant and trial counsel's affidavit, Applicant pleaded guilty without a recommendation.

a motion for a competency evaluation, investigate Applicant's competency, explain the contents of the stipulation and waiver in the plea papers, convey a twenty-year plea offer, and investigate mitigating evidence. Applicant also contends that counsel advised him to plead guilty and to sign the stipulation and waiver because "it was good to do so."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to each of Applicant's ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's ineffective assistance of counsel claim is barred by the doctrine of laches and whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: January 25, 2017
Do not publish